Smith, P. J.
The complaint alleges in substance, that one Moss having taken and converted to his own use certain personal property belonging to the defendant, and an action having been brought to recover the property so taken, by Henry 0. Laurence, the defendant's husband, as the administrator of Thaddeus Laurence, deceased, for the benefit of the defendant, and at her request, the defendant, for the purpose of inducing the plaintiff to become one of the sureties in said action, represented and stated to him that said property was hers; that such suit was being brought for the benefit of her separate estate, and that she would indemnify and save harmless the plaintiff from any loss or damage' by reason of his becoming such surety; and that the plaintiff relying on such statements, signed the undertaking given by the plaintiff in said action; and that *621 said action resulted in a judgment in favor of the defendant therein, and the plaintiff" herein was subsequently sued upon such undertaking, and compelled to pay a sum of money which he seeks to recover in this action.
The complaint was demurred to on the ground that it does not state facts sufficient to constitute a cause of action, and that there is a defect of parties plaintiff.
The demurrer was overruled and judgment for plaintiff ordered, with leave to defendant to answer. An answer was served, and the issues thereby joined were tried by a iury, and the plaintiff recovered a verdict for the amount claimed.
The principal question in the case is whether the defendant’s promise to indemnify the plaintiff, not being in writing, is within the statute of frauds as a parol promise to answer for the default of another. The defendant is not concluded in respect to this question by the judgment upon the demurrer, for the reason that the averment in the complaint implied a valid promise, that is, a promise in writing, nothing appearing to the contrary. Gibbs v. Nash, 4 Barb., 449. Upon the trial, it appeared that' the promise was oral. The plaintiff testified to the representations and promise of the defendant substantially as alleged in the complaint. Whether or not the declarations of the defendant thus testified to amounted to an estoppel, as claimed by the plaintiff , a point which we do not decide, the testimony authorized the jury to find that the defendant was the real plaintiff in interest in the replevin suit, and that the suit was brought in the name of her husband, as administrator, etc.,- at her request and for her benefit. Those being the facts, her promise was plainly an original undertaking, and not within the statute
The circumstance that the suit was brought in the name of her husband was not inconsistent with her equitable ownership of the property, nor was it necessarily, as the defendant’s counsel suggests, a fraud or imposition on the court. If Mrs. Laurence saw fit to transfer the legal title to the property, to her husband, in trust, to enable him to bring the suit for her benefit, she retaining the equitable title, it is not perceived that the transaction was unlawful, that it was a fraud, or that it harmed any one, there being no suggestion that the rights of creditors were affected,
There is no force in the position that the plaintiff’s co-surety should have joined with him in the suit. The plaintiff sues to recover what he alone has.been compelled to pay. But upon this point, as well as upon the position that the action can not be maintained, for the reason that it does not appear that an execution had been issued against the plaintiff in the replevin suit before the surety was sued, *622 the judgment upon the demurrer is conclusive, upon the parties in this action, each of those questions having arisen upon the complaint.
There is no other question in the case.
The motion for a new trial should be denied, and judgment ordered for the plaintiff on the verdict.
Haight and Bradley, JJ., concur.